[No. 22958. Department One. May 12, 1931.]

J. B. Bartlett *et al., Respondents,* v. Edna R. Hoshor
*et al., Appellants.*[1]

*William A. Gilmore* and *Leo W. Stewart,* for appellants.

*Bundy & Swale* and *Tucker & Tucker,* for respondents.

Mitchell, J.—Plaintiffs, Bartlett and wife, are and at all times herein mentioned were the owners of lot 3, section 12, township 22 north, range 2 west, Willamette Meridian, situated in Mason county on Hood canal. The lot has a meander line, inside of which the tide ebbs and flows over a portion of the lot.

Under date of May 15, 1928, the defendant Edna R. Hoshor entered into a real estate contract with the state by which the state sold to her, on the installment plan, certain tide lands in Mason county, described as follows:

[1]Reported in 298 Pac. 1057.

"All tide lands of the second class, owned by the State of Washington, situate in front of, adjacent to or abutting upon lot 3, section 12, township 22 north, range 2 west, W. M., with a frontage of 30.29 lineal chains, more or less, measured along the government meander line."

Plaintiffs commenced this action in September, 1929, alleging that they owned lot 3, section 12, township 22 north, range 2 west, W. M., and that the defendants had entered into a contract with the state to purchase the tide lands in front of lot 3, that the boundary between the two tracts was lost or had become obscure and uncertain, and that the parties could not agreeably fix the line. They prayed that the boundary line be surveyed and marked under the directions of the court.

The defendants answered, denying material allegations of the complaint and alleging that Edna R. Hoshor was purchasing the tide lands referred to from the state in her own separate right; and further answered by way of a cross-complaint, alleging that she was purchasing the tide lands mentioned in her contract; that plaintiffs claimed to be the owners of lot 3, section 12, township 22 north, range 2 west, W. M., adjacent to the tide lands belonging to the cross-complainants; that the parties were unable to agree on the boundary line between their tracts of land; that Bartlett and wife, as owners of lot 3, claim that their land runs to the meander line of that lot, while defendant Edna R. Hoshor claims that her tide lands extend up to the line of ordinary high tide; that the claim of Bartlett and wife is without right, and that defendant is entitled to the land up to and including the line of ordinary high tide. A decree was asked by the defendants fixing the line of ordinary high tide as the true boundary line and that the court designate a commissioner to run and mark such line.

In the judgment of the superior court, it was found that plaintiffs were in possession of lot 3, and that the defendant Edna R. Hoshor was in possession of the tide lands described in her contract of purchase from the state; and it was adjudged and decreed that the meander line of lot 3, according to the United States Government survey and field notes, constituted the true boundary line between the two tracts of land. The court appointed a commissioner to survey and set monuments marking that line. The defendants have appealed.

The question to be determined relates to the title to the tide lands situated between the meander line of lot 3 and the line of ordinary high tide. Respondents' title to lot 3 is derived by a chain of title from one Anna Reed, who filed a homestead application on it prior to statehood and received a United States patent therefor after the state was admitted. Because the patent was dated subsequent to the admission of the state, the appellants contend that the patentee or the respondents, as successors in interest, never acquired title to the tide lands in controversy, and that the state's contract of sale to Edna R. Hoshor of tide lands described in that contract includes all tide lands to the line of ordinary high tide. As supporting that argument, our attention has been called, by counsel for the appellants, to § 1, Art. 17, of the state constitution, which provides:

"The state of Washington asserts its ownership to the beds and shores of all navigable waters in the state up to and including the line of ordinary high tide in waters where the tide ebbs and flows, . . ."

Also, § 2, Art. 17, of the state constitution, which provides:

"The state of Washington disclaims all title in and claim to all tide, swamp, and overflowed lands patented

by the United States; *Provided,* the same is not impeached for fraud.''

This case is decidedly similar, in all essential particulars, to the case of *Shelton Logging Co. v. Gosser,* 26 Wash. 126, 66 Pac. 151. In that case, Gosser, under date of January 20, 1892, received from the United States a patent granting to him lot 2, section 2, township 20 north, range 3 west, W. M., a portion of which, according to the calls of the patent, was below the line of ordinary high tide. Thereafter, on December 12, 1896, the state contracted to sell to Ellis & Reed tide lands described as follows:

''All the tide lands lying in front of, adjacent to, or abutting on lots numbered 2 and 3, section 2, township 20 north, of range 3 west, Willamette meridian.''

This is precisely the kind of description of tide lands contained in the state's contract of sale to Edna R. Hoshor in the present case. In that case, Ellis & Reed assigned their contract with the state to the Shelton Logging Company, who, in using the tide lands for logging purposes, got into a controversy with Gosser that resulted in the action which was decided in favor of Gosser, which judgment was affirmed on appeal. In that case, it was said that the trial court

''. . . found that the appellant had no right, title or interest in and to any of the lands above and on the shore side of the said meander line in front of said lot 2. The court further found that appellant's title in said tide lands ends at said meander line; that the tide lands of the appellant do not extend within or above on the shore side of said meander line.''

In giving the reasons for affirming the judgment of the trial court, lot 2 of section 2, township 20 north, range 3 west, W. M., as surveyed by the United States and measured or bounded on one side by the meander line, was treated as a monument with reference to

which the state described the particular tide lands it contracted to sell to Ellis & Reed. In that regard it was said:

"The contract with the state referred to lot 2, section 2, township 20 N., range 3 W., W. M., as a legal subdivision of the public lands of the United States, in the same manner that one might refer to any other well-known monument in describing land. 'All tide land lying in front of, adjacent to, or abutting on lot numbered 2, section 2, township 20 north, of range 3 west of the Willamette meridian,' refers to the lot as surveyed and platted by the government, and does not include a grant or sale of tide lands within the calls of said lot 2, but only in front of, or abutting on, or adjacent to said lot."

It is manifest that, in that case, the assignee of the purchaser from the state contended, as do the appellants here, as purchasers from the state, that the owner of the lot patented by the United States after our constitution became effective, took only to the line of ordinary high tide, notwithstanding the call of a meander line to the contrary. That argument, however, did not prevail, for, said the court:

"It may be that, notwithstanding the patent to John W. Gosser purports to grant to him said lot 2, he does not take under such grant tide lands within the calls of lot 2, but takes only to the water course, as contended by appellant. But that in no way aids the contract under which the appellant claims."

Upon the authority of that case, and for the reasons therein given, the judgment in this case, in our opinion, is correct.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.